UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NO. 07-80651-CIV-MARRA/JOHNSON

DENISE MORALES,

      Plaintiff,

v.

ADVANTAGE ONE MORTGAGE
CORPORATION,

      Defendant.

_____/

**OPINION AND ORDER**

THIS CAUSE is before the Court on Defendant Advantage One Mortgage Corporation's

Motion to Dismiss or in the Alternative Motion for Summary Judgment (DE 7), filed September

4, 2007.  The motion is now fully briefed and is ripe for review.  The Court has carefully

considered the motion and is otherwise fully advised in the premises.

On July 20, 2007, Plaintiff Denise Morales ("Plaintiff") filed the instant action against

Defendant Advantage One Mortgage Corporation ("Defendant") seeking payment of unpaid

overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*  In the

Complaint, Plaintiff alleges that she worked as a loan processor for Defendant from roughly

August 2006 through December 2006.  (Compl. ¶ 11.)  While employed for Defendant, Plaintiff

claims that she "regularly worked in excess of forty (40) hours per week, without receiving the

correct overtime compensation."  (Compl. ¶ 12.)  Defendant moves to dismiss the complaint,

claiming that Plaintiff has supplied only conclusory allegations and has not satisfied the

requirements of Rule 8(a).  Alternatively, Defendant seeks to convert the instant motion to a

motion for summary judgment.  In support of that request, Defendant has appended assorted time

sheets submitted by Plaintiff while she was employed as well as certain e-mail correspondence

between Plaintiff and other employees of Defendant.

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of

the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground

upon which it rests."  Fed. R. Civ. P. 8(a).  The Supreme Court has held that "[w]hile a complaint

attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a

plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than

labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.

Factual allegations must be enough to raise a right to relief above the speculative level."  *Bell

Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted).  When

considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in

determining whether a plaintiff has stated a claim for which relief could be granted.  *Hishon v.

King & Spalding*, 467 U.S. 69, 73 (1984).

Defendant concedes that Plaintiff has alleged that she "regularly worked" more than forty

hours per week without receiving proper overtime compensation.  (Def. Mot. 5.)  Defendant

claims, however, that Plaintiff "does not provide sufficient details as to what 'regularly'

constitutes."  (*Id.*)  The Court finds that the fact that Plaintiff has alleged that she regularly

worked more than forty hours per week sufficient to meet the pleading requirements of Fed. R.

Civ. P. 8(a) to state a valid claim for unpaid overtime wages under 29 U.S.C. § 207..  As

explained by another court, "[t]he claim of the plaintiff in his complaint is sufficiently definite to

enable the defendant to know with what it is charged, and it is reasonably able therefrom to respond whether it did the thing charged." *Dennis v. Begley Drug Co. of Tennessee, Inc.*, 53 F.R.D. 608, 609 (E.D. Tenn. 1971). Rule 8(a) does not demand "detailed factual allegations," and Plaintiff's statement that she worked more than forty hours per week is not a naked conclusion of law. As such, Plaintiff has properly pled her claim for overtime compensation under FLSA. Discovery is the appropriate vehicle for Defendant to ascertain the particulars of Plaintiff's claim, not the Complaint.

Given the fact that this case is still in its infancy, the Court declines to consider the exhibits submitted by Defendant and convert this motion into a motion for summary judgment.[1] The parties have had, to date, little time to conduct adequate discovery. Further, were the Court to convert this motion to a motion for summary judgment, the parties would only have ten days to supplement the record before the Court would rule. *See Trustmark Insurance Company v. ESLU, Inc.*, 299 F.3d 1265 (11th Cir. 2002). In the interest of adjudicating on a complete record, the Court believes that summary judgment is premature at this juncture.

Finally, the Court rejects Defendant's argument regarding Rule 23 pleading requirements and the Local Rules of the Southern District of Florida. Plaintiff has brought a claim under FLSA. Collective actions under FLSA are exclusively governed by 29 U.S.C. § 216(b), which mandates an "opt-in" collective action as opposed to Rule 23's "opt-out" class actions. These two types of classes are distinct, and the standards established with respect to Rule 23 do not apply to FLSA collective actions. Indeed, the two types of classes are "mutually exclusive and

---

[1]Interestingly, Defendant indicated that Plaintiff should have appended the timesheets to the Complaint. (Def. Mot. 7.) However, the Court fails to recognize why the timesheets are "crucial documents" insofar as the Complaint is concerned.

irreconcilable." *LaChapelle v. Owens-Illinois, Inc.*, 513 F.2d 286, 289 (5th Cir. 1975).[2]  Thus,

Defendant's discussion of Rule 23 is wholly misplaced in this case.

      Accordingly, Defendant's Motion to Dismiss or in the Alternative Motion for Summary

Judgment (DE 7) is **DENIED**.

      **DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County,

Florida, this 8th day of January, 2007.

                            _____

                            KENNETH A. MARRA
                            United States District Judge

Copies furnished to:
all counsel of record

---

[2]In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1207 & 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent the decisions of the Fifth Circuit rendered prior to October 1, 1981.